IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 20, 2018 Session

**THIERMO MAMADOU DIALLO v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2007-C-2549    Cheryl A. Blackburn, Judge**

_____

**No. M2017-01410-CCA-R3-ECN**

_____

The Petitioner, Thiermo Mamadou Diallo, filed a petition for writ of error coram nobis, seeking relief from his conviction of statutory rape, which was the result of a guilty plea, based upon the victim's recantation of her allegations against him.  The Petitioner acknowledged that the petition was untimely but alleged that due process justified tolling the statute of limitations.  After a brief hearing on the issue, the coram nobis court dismissed the petition.  On appeal, the Petitioner challenges this ruling.  Upon review, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and CAMILLE R. MCMULLEN, J., joined.

Manuel B. Russ, Nashville, Tennessee, for the Appellant, Thiermo Mamadou Diallo.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Megan King, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

In July 2007, the Davidson County Grand Jury returned an indictment charging the Petitioner with the rape of C.S.[1] and the statutory rape of C.S., who was fifteen at the time of the offenses.  On August 8, 2008, the Petitioner pled guilty to statutory rape, a

_____

[1] It is the policy of this court to refer to minor victims of sexual offenses by only their initials.

Class E felony, in exchange for a sentence of one year and six months and the dismissal of the rape charge. The plea agreement provided that the sentence was to be served consecutively to a prior one-year sentence for a total effective sentence of two years and six months to be served on probation.

On April 11, 2017, almost ten years after the entry of his guilty plea, the Petitioner, acting through defense counsel, filed a petition for writ of error coram nobis, which stated that defense counsel had interviewed the victim, that she had recanted her statements, and that she was alleging she never had sexual relations with the Petitioner. The Petitioner acknowledged that the petition was untimely but maintained that the statute of limitations should be tolled because newly discovered evidence in the form of the victim's recanted statements established his actual innocence.

On May 31, 2017, the coram nobis court held a hearing to determine whether the statute of limitations should be tolled. At the hearing, defense counsel told the court that he had been contacted by the Petitioner, who said that the victim had recanted the statements she made to the police which led to the Petitioner's rape and statutory rape charges. Based upon the Petitioner's information, defense counsel interviewed the victim and, within ninety days, filed the instant petition. Defense counsel argued that unless the statute of limitations was tolled, the Petitioner would be deprived of a reasonable opportunity to present his claim in a meaningful time and manner.

Defense counsel stated that the newly discovered evidence of the Petitioner's innocence, i.e. the victim's recantation, had not been available to the Petitioner previously through no fault of the Petitioner. Defense counsel informed the coram nobis court that the victim was in the courtroom and was prepared to testify. Defense counsel suggested that the victim testify, then the court could rule upon whether the statute of limitations should be tolled and possibly rule upon the merits of the petition. Defense counsel stated that he understood if the coram nobis court was "not inclined to do that today." The coram nobis court informed defense counsel that it would confine its decision to whether to toll the statute of limitations.

After the hearing, which consisted of arguments by defense counsel and the State, the coram nobis court issued an order containing its findings of fact and conclusions of law. In the order, the coram nobis court initially stated that the Petitioner had failed to state a ground upon which the statute of limitations should be tolled. Next, the court held that the Petitioner's conviction was the result of a guilty plea and therefore was not subject to collateral attack via the coram nobis statute. See Frazier v. State, 495 S.W.3d 246, 248 (Tenn. 2016). Finally, the court stated that even if it were to attempt to address the merits of the claim, the Petitioner committed a fatal procedural error by failing to attach supporting affidavits to the petition. Accordingly, the coram nobis court dismissed the petition. On appeal, the Petitioner challenges this ruling.

## II. Analysis

The writ of error coram nobis is a post-conviction mechanism that has a long history in the common law and the State of Tennessee. See, e.g., State v. Vasques, 221 S.W.3d 514, 524-26 (Tenn. 2007). The writ "is an *extraordinary* procedural remedy . . . [that] fills only a slight gap into which few cases fall." State v. Mixon, 983 S.W.2d 661, 672 (Tenn. 1999). The writ of error coram nobis is codified in Tennessee Code Annotated section 40-26-105 and provides as follows:

> There is hereby made available to convicted defendants in criminal cases a proceeding in the nature of a writ of error coram nobis, to be governed by the same rules and procedure applicable to the writ of error coram nobis in civil cases, except insofar as inconsistent herewith . . . . Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Generally, a decision whether to grant a writ of error coram nobis rests within the sound discretion of the trial court. See State v. Hart, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995).

Our supreme court has held that "the coram nobis statute is not available as a procedural mechanism for collaterally attacking a guilty plea." Frazier v. State, 495 S.W.3d 246, 253 (Tenn. 2016); see Tamir Clark v. State, No. M2016-01079-CCA-R3-ECN, 2017 WL 568546, at *2 (Tenn. Crim. App. at Nashville, Feb. 13, 2017). Although the Petitioner urges this court to ignore the ruling in Frazier, as an intermediate court, we must comply with the dictates of our supreme court. State v. Brown, 373 S.W.3d 565, 574 (Tenn. Crim. App. 2011) (citing Barger v. Brock, 535 S.W.2d 337, 341 (Tenn. 1976)). Therefore, even if the statute of limitations was tolled, the Petitioner would not be entitled to coram nobis relief. See Clark, No. M2016-01079-CCA-R3-ECN, 2017 WL 568546, at *2; Gregory L. Hatton v. State, No. M2016-00225-CCA-R3-ECN, 2016 WL 4082465, at *1 (Tenn. Crim. App. at Nashville, Aug. 1, 2016). Accordingly, we conclude that the coram nobis court did not err by dismissing the petition.

- 3 -

## III.  Conclusion

The judgment of the coram nobis court is affirmed.

_____
NORMA MCGEE OGLE, JUDGE